# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIK HUDSON BEY,**
      **Plaintiff,**

    v.                                          Case No. 15-CV-0688

**JUDGE MARK J. MCGINNIS,**
      **Defendant,**

## DECISION AND ORDER

Plaintiff, Erik Hudson Bey, was incarcerated when he filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated by Judge Mark J. McGinnis in the course of his Outagamie County misdemeanor trial. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, two other motions plaintiff filed, and for screening of plaintiff's complaint.

**A.    Motion for Leave to Proceed In Forma Pauperis**

Plaintiff has been assessed and paid an initial partial filing fee of $65.00 and an additional partial payment of $25.00, for a total of $90.00. I will grant his motion for leave to proceed in forma pauperis.

**B.    Screening**

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**1.    Complaint Allegations**

Plaintiff filed this complaint while he was in custody at the Outagamie County Jail. The only defendant named is Judge Mark J. McGinnis.

On January 17, 2015, at 9:00 a.m., plaintiff arrived at the Outagamie County Courthouse. He entered his name, nationality, and status into the record and then asked Judge McGinnis for his name, nationality, and status. Judge McGinnis refused to give this information, and plaintiff said he has a right to know this information about everyone in the case. According to plaintiff, Judge McGinnis "responded aggressively," stating that he had never heard such a request. Complaint at 3. Plaintiff asked the Judge about addressing

3

his demand and explained that he had not received a response from ADA Delain. Judge McGinnis said, "I dismissed those they were a waste of time." Id. The Judge then said he had heard enough and barred plaintiff from speaking; he said over and over the plaintiff was wasting his time.

Plaintiff's wife got upset "with his abuse toward me and stood up, and he threatened my wife with Jail. He told me if I speak against I would be jailed for contempt." Id. at 4. Plaintiff raised his hand to speak, and the Judge motioned yes. Plaintiff mentioned jurisdictional issues that needed to be addressed by ADA Delain, such as nationality and country of origin. The Judge then aggressively stated that he had jurisdiction because plaintiff lives in Wisconsin.

Plaintiff proceeded to trial and jury selection began. When it was plaintiff's turn to select or challenge jurors, plaintiff did not have a list of their names and could not remember. Plaintiff asked the bailiff for one juror's name, and the Judge got aggressive again and hollered at plaintiff, but then directed the bailiff to hand plaintiff a jury list. According to plaintiff, the Judge did this throughout the entire process.

At one point, while ADA Delain was examining a witness, plaintiff objected. The Judge asked on what basis, and plaintiff said that witnesses are not present to verify their statements, and the Judge sustained the objection. Then, when it was plaintiff's turn to cross-examine the witnesses, the Judge was constantly interrupting him so plaintiff just rested. ADA Delain was not objecting to plaintiff's line of questioning; it was always the judge.

The trial ended, and the verdict was read. Plaintiff was found not guilty on Count 1 and guilty on Count 2. Plaintiff wanted to object, but he was afraid of what the Judge

4

might do next.  Plaintiff's objection would have been that there was no evidence to support a guilty verdict.  Plaintiff has concerns about the jury understanding that he was being charged as a repeater.  At sentencing, the Judge told plaintiff to appeal if he did not like the result.

As relief, plaintiff seeks a temporary freeze on conditions and orders until this case is tried.  He also wants injunctive relief commanding Judge McGinnis to reverse the verdict and vacate all sanctions and conditions.  Finally, plaintiff asks me to issue declaratory and other relief as I deem appropriate and award him all costs and fees associated with this case.

### 2. Legal Analysis

The type of relief plaintiff seeks in not available under § 1983.  In order to have a verdict reversed or sanctions and conditions overturned, a plaintiff must bring a petition for a writ of habeas corpus.  Accordingly, I will dismiss this case without prejudice.

I also will provide the short, plain statement regarding plaintiff's rights and the status of his claims that is required by Glaus v. Anderson, 408 F.3d 382, 389-90 (7th Cir. 2005).  First, I am "not making a decision on the ultimately merit of the case." Id. at 390.  Second, plaintiff may refile "under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuit." Id.  Third, "refiling under the proper label will probably have certain consequences." Id.

I note, though, that under 28 U.S.C. § 2254, plaintiff must exhaust his remedies in state court before bringing such a petition in federal court.  I have reviewed the docket of plaintiff's criminal case (Outagamie County Case No. 2014CM001178) on the Wisconsin

Circuit Court Access website (wcca.wicourts.gov), and it appears that plaintiff is still pursuing postconviction relief in the circuit court and has not yet filed his appeal.

**C.     Plaintiff's Other Motions**

Plaintiff's motion to appoint counsel and his motion for order are now moot.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order (Docket #9) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff shall pay the $260.00 balance of the filing fee. Payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

6

Case 2:15-cv-00688-LA    Filed 09/22/15    Page 6 of 6    Document 12